IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTMARK INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BRYN MAWR TRUST COMPANY,<br><br>Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The Plaintiff, Trustmark Insurance Company ("Trustmark"), by its attorneys, as and for its Complaint herein against the Defendant The Bryn Mawr Trust Company ("Bryn Mawr Trust"), alleges the following:

**PARTIES**

1. Trustmark is an insurance corporation duly organized and existing under the laws of the State of Illinois, having its principal place of business in Lake Forest, Illinois.

2. Bryn Mawr Trust is a corporation duly organized and existing under the laws of the State of Pennsylvania, having its principal place of business in Bryn Mawr, Pennsylvania.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 because it arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq., as well pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this controversy occurred in Pennsylvania, and because the parties transact business in this District and are therefore subject to personal jurisdiction in the Eastern District of Pennsylvania.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Trustmark's Business and Use of the Term "Small Business Benefits"

5. Trustmark, for itself and/or through its licensees, has been providing, among other things, life and disability insurance underwriting services in connection with the trademark TRUSTMARK since at least May 1986, as evidenced in U.S. Trademark Registration No. 1,427,794 attached hereto as Exhibit A.

6. In addition to insurance underwriting services, since at least October 2003, Trustmark, for itself and/or through its licensees, has been using the trademark TRUSTMARK in connection with underwriting and administration of insurance and benefit plans in the fields of life, health, accident, and medical, as evidenced in the following U.S. Trademark Registration Nos., attached hereto as Exhibit B: 3,047,592 for TRUSTMARK VOLUNTARY BENEFIT SOLUTIONS; 3,054,133 for TRUSTMARK GROUP INSURANCE; and 4,736,654 for TRUSTMARK CRITICAL LIFEEVENTS.

7. Trustmark, for itself and/or through its licensees, markets its administration services for employee benefit plans, including medical benefit plans, dental benefit plans, vision benefit plans, long term disability benefit plans, life insurance benefit plans, and employee assistance programs, to employers.

8.     Trustmark, for itself and/or through its licensees, has been marketing and providing its administration services for employee benefits plans to small business employers throughout the United States and has been describing such service offerings as small business benefits for many years.

9.     On May 29, 2018, Trustmark filed U.S. Trademark Application Serial No. 87/938,886 for TRUSTMARK SMALL BUSINESS BENEFITS for insurance brokerage and insurance administration services (the "Trustmark Application").

10.    On September 6, 2018, during prosecution of the Trustmark Application by the United States Patent and Trademark Office (USPTO), the Examining Attorney assigned to the Trademark Application requested that Trustmark agree to a disclaimer of the term SMALL BUSINESS BENEFITS apart from the mark as a whole, as shown in the email correspondence between the Examining Attorney and Trustmark's counsel of record on the Trademark Application in Exhibit C.

11.    The Examining Attorney's request for a disclaimer was pursuant to: (a) 15 U.S.C. § 1056, which provides that the "[Trademark Office] Director may require the applicant to disclaim an unregisterable component of a mark otherwise registrable;" and (b) Trademark Manual of Examining Procedure (TMEP) § 1213.03(a), which provides that "Typically, an unregisterable component of a registrable mark is the name of the goods or services, other matter that does not indicate source, matter that is merely descriptive or deceptively misdescriptive of the goods or services, or matter that is primarily geographically descriptive of the goods or services."

12. Trustmark agreed with the Examining Attorney that the term "SMALL BUSINESS BENEFITS" is descriptive of the insurance brokerage and insurance administration services recited in the Trademark Application and, therefore, agreed to the request for the disclaimer of the term.

13. If Trustmark did not agree to the Examining Attorney's request for a disclaimer, the Examining Attorney would issue an Office Action refusing registration of the applied-for mark on the basis that it included descriptive terms that were unregisterable on the Principal Register, as stated in the email shown in <u>Exhibit C</u> referencing that a formal Office Action could be avoided if Trustmark agreed to the disclaimer.

14. The USPTO entered the disclaimer of "SMALL BUSINESS BENEFITS" in the Trustmark Application via Examiner's Amendment on September 6, 2018 and subsequently issued a Notice of Allowance of the Trademark Application on January 1, 2019, as shown in relevant prosecution history in <u>Exhibit D</u>.

15. The Examining Attorney additionally noted in the Examiner's Amendment that the Examining Attorney had searched the USPTO's database of registered and pending marks and found no conflicting marks that would bar registration on the Principal Register.

**Bryn Mawr Trust's Business and Use of the Term "Small Business Benefits"**

16. On information and belief, Bryn Mawr Trust is a Pennsylvania based business that provides banking services and has approximately 30 locations in Pennsylvania, one location in New Jersey, and one location in Delaware.

17. On information and belief, Bryn Mawr Trust uses the term "small business benefits" to describe its banking services offered to small businesses, as shown in Exhibit E.

18. On information and belief, Bryn Mawr Trust is the owner of U.S. Trademark Registration No. 3,624,918 on the Supplemental Register for SMALL BUSINESS BENEFITS for banking services, as shown in Exhibit F attached hereto (the "BMT Registration").

19. The trademark application that resulted in the BMT Registration was originally applied for on the Principal Register. The USPTO refused registration of the mark SMALL BUSINESS BENEFITS on the Principal Register on the basis of being merely descriptive of the corresponding banking services. Bryn Mawr Trust subsequently amended the application to the Supplemental Register as a result of the descriptiveness refusal. Copies of the corresponding prosecution history of the BMT Registration are attached hereto as Exhibit G. Pursuant to 15 U.S.C. § 1091-1096 and TMEP § 801.02(b), marks on the Supplemental Register are excluded from receiving the advantages of marks on the Principal Register including, without limitation, the presumptions of validity of the mark, ownership of the mark, exclusive right to use the mark, and acquired distinctiveness.

20. Byrn Mawr Trust's use of the term SMALL BUSINESS BENEFITS, as described in the BMT Registration, has not acquired distinctiveness, has not been exclusively used by Bryn Mawr Trust, and does not distinguish the source of Bryn Mawr Trust's services.  Specifically, as shown in Exhibit H, there are a plethora of third party uses of the term "small business benefits," and substantially similar terms, to describe banking, insurance, and benefits plans marketed to small businesses.

21. As alleged above, during examination of the Trustmark Application, the Examining Attorney searched the USPTO database of federal registrations and pending applications, which included the BMT Registration on the Supplemental Register, and the Examining Attorney did not identify any conflicting marks.

### Bryn Mawr Trust's Threatened Claim of Infringement

22. On December 17, 2018, via the letter attached hereto as Exhibit I, Bryn Mawr Trust informed Trustmark that Bryn Mawr Trust contends that Trustmark's use of the term "small business benefits" for insurance services creates a likelihood of confusion with Bryn Mawr Trust's banking services.  Bryn Mawr Trust demanded that Trustmark cease using the term "small business benefits" and demanded that Trustmark execute an agreement providing that Trustmark would cease using the term or be subject to damages, costs, and attorneys' fees.  Bryn Mawr Trust further stated that if Trustmark failed to execute the proposed agreement, Bryn Mawr Trust would take additional steps including litigation.

### FIRST CLAIM FOR RELIEF
### Declaration of Non-Infringement

23. Trustmark hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 22 above.

24. There exists a substantial, present, and justiciable controversy between Trustmark and Bryn Mawr Trust regarding Trustmark's use of the term "small business benefits" and Trustmark's application to register the term TRUSTMARK SMALL BUSINESS BENEFITS.

25. The Trustmark Application for TRUSTMARK SMALL BUSINESS BENEFITS has been allowed by the USPTO with a disclaimer of the descriptive term "SMALL BUSINESS BENEFITS." Trustmark's use of the term "small business benefits" and registration of TRUSTMARK SMALL BUSINESS BENEFITS is not likely to cause confusion or mistake, or deceive as to the source of any goods or services, or as to any affiliation, connection, or association between Trustmark and Bryn Mawr Trust.

26. The term "small business benefits" is merely descriptive of both banking and insurance services and does not denote any one source of services.

27. As alleged above, Byrn Mawr Trust's use of the term SMALL BUSINESS BENEFITS, as described in the BMT Registration, has not acquired distinctiveness, has not been exclusively used by Bryn Mawr Trust, and does not distinguish the source of Bryn Mawr Trust's services. As shown in Exhibit H, there are a plethora of third party uses of the term "small business benefits," and substantially similar terms, to describe banking, insurance, and benefits plans marketed to small businesses.

28.     On information and belief, since issuance of the BMT Registration on the Supplmental Register, Bryn Mawr Trust has not taken any steps to reapply for the mark on the Principal Register, which would require a claim of continuous and exclusive use of the mark.

29.     The USPTO's position is also that the term "small business benefits" is descriptive of insurance services, as evidenced by the disclaimer of such term which was required by the USPTO during prosecution of the Trustmark Application, as explained above.

## Prayer for Relief

WHEREFORE, Trustmark prays for the following relief:

1.     For a trial by jury on all issues so triable.

2.     A judgment declaring that Trustmark's, and its licensees', use of the terms "small business benefits" and TRUSTMARK SMALL BUSINESS BENEFITS do not infringe Bryn Mawr Trust's claimed trademark rights in the term SMALL BUSINESS BENEFITS or the BMT Registration;

3.     Such other and further relief as the Court may deem just and proper.

Dated: Philadelphia, Pennsylvania
January 7, 2019

**FOX ROTHSCHILD, LLP**

By: /s/ Brian A. Berkley
Brian A. Berkley, Esq. (PA ID# 200821)
bberkley@foxrothschild.com
Ryan N. Miller, Esq. (PA ID# 310126)
rmiller@foxrothschild.com
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150

*Attorneys for Plaintiff*
*Trustmark Insurance Company*

*Of Counsel*

Kim Gatling, Esq. (*pro hac vice* application to be filed)
kgatling@foxrothschild.com
Rick Coughlin, Esq. (*pro hac vice* application to be filed)
rcoughlin@foxrothschild.com
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400